2004 ND 114

**CITY OF MANDAN, Plaintiff and Appellee**

v.

**Kimberly SPERLE, Defendant and Appellant.**

**No. 20040006.**

Supreme Court of North Dakota.

June 3, 2004.

Brian David Grosinger, Assistant City Prosecutor, Mandan, N.D., for plaintiff and appellee.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Kimberly Sperle appeals from a judgment of conviction upon a jury verdict finding her guilty of disorderly conduct in violation of a Mandan city ordinance. We hold there is sufficient evidence to sustain the jury's verdict, and the trial court did not commit obvious error in submitting a general verdict form for the jury's decision. We affirm.

I

[¶ 2] At 9:30 p.m. on May 28, 2003, off-duty Burleigh County Deputy Sheriff Sharon Vogel observed Sperle drive into the Mandan Village Mart parking lot. When Sperle entered the mall laundromat, her small Pomeranian dog jumped out of the car and ran into the street. Vogel observed Sperle return to the car, back out of the parking lot, and then call for and grab the dog by the collar, causing it to yelp. Vogel testified Sperle struck the dog a couple of times. Vogel then exited her vehicle and yelled at Sperle, "What the . . . do you think you're doing to that dog?" This caused Sperle to jump out of her car and quickly approach Vogel, who thought Sperle was going to hit her. Sperle called Vogel a vulgar name and pushed Vogel on the shoulder. Then Sperle said, "You and me, right now, right here in the parking lot," indicating, in Vogel's opinion, that Sperle wanted to fight. After Sperle twice pushed Vogel on the shoulder, Vogel used a mall phone to call the police. When Vogel returned from making the call, Sperle shoved Vogel in the back and then drove away.

[¶ 3] Sperle was charged with cruelty to animals and disorderly conduct under the Mandan city ordinances. A jury found Sperle not guilty on the cruelty to animal charge but guilty of disorderly conduct.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 29–01–12 and 29–28–06.

## II

[¶ 5] On appeal, Sperle contends there is insufficient evidence to sustain the jury's verdict of guilty on the charge of disorderly conduct. Following the close of evidence in the case, Sperle moved for and was denied a judgment of acquittal, thereby preserving this issue for appeal. *See City of Grand Forks v. Dohman*, 552 N.W.2d 66, 67 (N.D.1996).

[¶ 6] In a criminal case, due process requires the prosecution to prove each element of the offense beyond a reasonable doubt. *State v. Beciraj*, 2003 ND 173, ¶ 9, 671 N.W.2d 250. When a defendant challenges the sufficiency of evidence to sustain a conviction, we will not weigh conflicting evidence or judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine whether there is substantial evidence to warrant a conviction. *Id.* The party challenging sufficiency must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt. *State v. Wilson*, 2004 ND 51, ¶ 6, 676 N.W.2d 98.

[¶ 7] The jury was instructed that the prosecution must prove beyond a reasonable doubt the following elements of the disorderly conduct charge:

1. That on or about the 28th day of May, 2003;

2. In the City of Mandan, Morton County, North Dakota;

3. The defendant, Kimberly Sperle;

4. Engaged in fighting, or in violent, tumultuous or threatening behavior; made unreasonable noise; used obscene language or made an obscene gesture in a public place; created a hazardous, physically offensive, or seriously alarming condition by any act which served no legitimate purpose; or otherwise engaged in harassing conduct by means of intrusive or unwanted acts, words, or gestures that were intended to adversely affect the safety, security, or privacy of another person; and

5. The defendant did so knowingly with the intent to harass, annoy or alarm another person, or in reckless disregard of the fact that another person was harassed, annoyed or alarmed .by the behavior.

[¶ 8] Vogel testified that Sperle pushed her three times, used offensive language, and by words and threatening gestures indicated she wanted to fight with Vogel. Vogel testified she felt harassed and annoyed by this conduct. Her testimony was corroborated by Lewis Magnan, who observed the confrontation from inside the laundromat. Magnan testified that he saw Sperle push Vogel and use abusive language.

[¶ 9] Although Sperle testified that Vogel initiated the encounter by grabbing and shaking Sperle, the entire evidence, when viewed in the light most favorable to the verdict, is sufficient for a jury to have reasonably found that Sperle engaged in violent, threatening behavior and used abusive language, either knowingly or in reckless disregard, that resulted in Vogel's being harassed, annoyed, and alarmed by the behavior. We conclude that on this evidence, the jury, as a rational factfinder, could have found Sperle guilty of disorderly conduct beyond a reasonable doubt. *See City of Devils Lake v. Lawrence*, 2002 ND 31, ¶ 13, 639 N.W.2d 466.

## III

[¶ 10] Sperle also contends her due process rights under the Fifth and Sixth Amendments of the United States Constitution were violated because the verdict form submitted by the court "permitted the jury to finding Sperle guilty of disorderly conduct, without having to choose and find unanimously which of the four subsections she violated" under the ordinance. Sperle argues the verdict form should have required the jury to unanimously find one specific act constituting disorderly conduct in violation of the ordinance rather than having allowed the possibility that individual jurors could find Sperle committed different acts constituting disorderly conduct in violation of the ordinance.

[¶ 11] Sperle did not raise this issue before the trial court, and she did not object to the jury instructions or the jury verdict form. An issue not raised in the trial court is generally not reviewable by this Court, unless the issue constitutes obvious error under N.D.R.Crim.P. 52(b). *State v. Lemons*, 2004 ND 44, ¶ 15, 675 N.W.2d 148. Under N.D.R.Crim.P. 52(b) we may not reverse unless the defendant shows error that is plain and affects substantial rights. *Id.* We exercise our power to notice obvious error cautiously and only in exceptional circumstances when the accused has suffered serious injustice. *State v. Mathre*, 1999 ND 224, ¶ 5, 603 N.W.2d 173.

[¶ 12] Special verdicts or interrogatories in criminal cases are disfavored because they may coerce a jury into rendering a guilty verdict or destroy the ability of the jury to deliberate upon the issue of guilt or innocence free of extraneous influences. *State v. Steen*, 2000 ND 152, ¶ 9, 615 N.W.2d 555. Under N.D.R.Crim.P. 31(e) a special verdict form is authorized in very limited circumstances in criminal trials, relating only to certain defenses raised by the defendant and to overt acts of treason. This case does not involve such circumstances.

[¶ 13] Mandan City Ordinance § 19–05–01 permitted the jury to find Sperle guilty of disorderly conduct through a number of alternative behaviors, any one of which is deemed disorderly conduct. It provides:

> A person is guilty of an offense if, with intent to harass, annoy or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed or alarmed by his behavior, that person:
>
> 1. Engages in fighting, or in violent, tumultuous or threatening behavior;
>
> 2. Makes unreasonable noise;
>
> 3. In a public place, uses abusive or offensive language, or makes an obscene gesture, under circumstances in which such language or gesture by its very utterance or gesture, inflicts injury or tends to incite an immediate breach of the peace;
>
> 4. Obstructs vehicular or pedestrian traffic, or the use of a public facility;
>
> 5. Persistently follows a person in or about a public place or places;
>
> 6. While loitering in a public place for the purpose of soliciting sexual contact, the person solicits such contact;
>
> 7. Creates a hazardous, physically offensive or seriously alarming condition by any act which serves no legitimate purpose;
>
> 8. Panhandles or begs for money.

The alternative behaviors include fighting, threatening behavior, and abusive or offensive language that results in harassing, annoying, or alarming another person. Although Sperle did not object to the jury's instructions or verdict form, she now as-

serts the court should have submitted a form requiring the jury to specifically indicate the particular conduct that violated the ordinance.

[¶ 14] In support of her position, Sperle relies upon the United States Supreme Court decision in *Schad v. Arizona,* 501 U.S. 624, 633, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), in which the Court stated the Due Process Clause would not permit a state to convict someone under a charge of crime so generic that any combination of jury findings would suffice for conviction. On close examination, the *Schad* decision belies Sperle's argument that a special verdict was required in this case to have the jury indicate which specific actions by Sperle constituted disorderly conduct. In *Schad,* the United States Supreme Court held the defendant's due process rights were not violated when he was convicted of first degree murder under instructions that did not require the jury to agree on the alternative theories of premeditated and felony murder. *Schad,* 501 U.S. at 648, 111 S.Ct. 2491. In reaching its decision, the Court reasoned:

> We have never suggested that in returning general verdicts ... the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad,* at 632–33, 111 S.Ct. 2491 (quoting *McKoy v. North Carolina,* 494 U.S. 433, 449, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring)). The Court continued:

> [L]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes.
>
> . . .
>
> If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law.

*Schad,* at 636, 111 S.Ct. 2491 (footnote omitted).

[¶ 15] The ordinance in this case permitted the jury to find Sperle guilty of disorderly conduct through a number of alternative behaviors, any one of which is deemed disorderly conduct and none of which is exclusive. The alternative behaviors include fighting, threatening behavior, and abusive language that result in harassing another person. The evidence in this case would support a rational factfinder's concluding that Sperle had committed all of these behaviors, any one of which was sufficient to constitute prohibited conduct and a violation of the ordinance. We conclude Sperle has failed to show the alleged error by the court in submitting a general verdict form constitutes an exceptional case involving obvious serious injustice. We therefore find no error—obvious or otherwise—in the trial court's submission of the general verdict form to the jury.

IV

[¶ 16] Concluding there is sufficient evidence to sustain the jury's verdict and the court did not commit error in submitting a general verdict form for the jury's determination, we affirm the judgment of conviction.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.