2007 ND 68

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joseph ROGERS, Defendant and Appellant.**

**No. 20060300.**

Supreme Court of North Dakota.

May 8, 2007.

Rozanna C. Larson, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Thomas J. Gunderson, North Dakota Public Defenders' Office, Minot, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   Joseph Rogers appeals from criminal judgments entered after he was found guilty of sexual assault and criminal trespass.   We conclude there was insufficient evidence of a mental disease or defect to support a sexual assault conviction under N.D.C.C. § 12.1–20–07(1)(b).   We reverse the criminal judgment based on the verdict of guilty to the charge of sexual assault and remand for dismissal of count two of the Information.   We conclude the trial court did not err when it did not allow a lesser-included jury instruction on the criminal trespass charge.   Therefore, we affirm the criminal judgment based on the verdict of guilty to the charge of criminal trespass.

I

[¶ 2]   Joseph Rogers was working at a Minot hotel the evening of July 20, 2004, and the morning of July 21, 2004.   The victim was in Minot for a work seminar, and was a guest at the hotel.   After frequenting a couple of bars, the victim was driven to the hotel by an acquaintance in the early morning of July 21, 2004.   The victim testified she did not have her hotel room key, so Rogers walked her to her hotel room and used the hotel's master key to open the door.   The victim testified she had no memory from the time she entered her hotel room to some point in the morning when she saw Rogers adjusting his clothing.   During the early morning, the hotel's master key was used four additional times to access the victim's hotel room.

[¶ 3]   According to the investigating officer's testimony, Rogers claimed the victim talked to him when she returned to the hotel, asked him to order a pizza, and smoked cigarettes with him.   Rogers claimed the victim hugged and kissed him, and invited him to her hotel room.   Once in the hotel room, they engaged in sexual intercourse.   Rogers claimed the victim asked him to return to her hotel room later in the morning to wake her.   Rogers claimed he returned to the victim's hotel room and shook her and touched her private areas while she was sleeping.

[¶ 4]   Rogers was charged with sexual assault and criminal trespass.  A jury convicted Rogers of class C felony sexual assault under N.D.C.C. § 12.1–20–07(1)(b) and class C felony criminal trespass under N.D.C.C. § 12.1–22–03(1).  Rogers appeals the criminal judgments, arguing there was insufficient evidence to support a guilty verdict for class C felony sexual assault under N.D.C.C. § 12.1–20–07(1)(b), and that the trial court erred in refusing to allow a lesser-included jury instruction on the criminal trespass charge.

## II

■  [¶ 5]   Rogers argues there was insufficient evidence the victim suffered from a mental disease or defect to convict him of class C felony sexual assault under N.D.C.C. § 12.1–20–07(1)(b).   The State argues the victim's intoxication, which led to unconsciousness, was a mental disease or defect.

[¶ 6]   Under   N.D.C.C.   § 12.1–20–07(1)(a), a person is guilty of a class B misdemeanor if he knowingly has sexual contact with another person and "knows or has reasonable cause to believe that the contact is offensive to the other person." Under N.D.C.C. § 12.1–20–07(1)(b), a person is guilty of a class C felony if he knowingly has sexual contact with another person and "knows or has reasonable cause to believe that the other person suffers from a mental disease or defect which renders that other person incapable of understanding the nature of that other person's conduct."

[¶ 7]   The sexual assault count against Rogers in the Information charged that:

The defendant, knowingly had sexual contact with another person, and knew or had reasonable cause to believe that the contact was offensive to the other person and/or knew or had reasonable cause to believe that the other person suffered from a mental disease or defect which rendered that other person incapable of understanding the nature of that other persons's [sic] conduct, to-wit the defendant knowingly had sexual contact with [the victim] and knew or had reasonable cause to believe that such contact was offensive and/or knew or had reasonable cause to believe that [the victim] was passed out from intoxication which rendered her incapable of understanding the nature of his conduct.  Said offense is a class C felony.

The trial court provided the jury with the following sexual assault instructions:

### SEXUAL ASSAULT

A person who knowingly has sexual contact with another is guilty of Sexual Assault if the person then knew or had reasonable cause to believe that the other person suffered from a mental disease or defect which rendered that person incapable of understanding the nature of that other person's conduct and/or that person knows or has reasonable cause to believe that the contact is offensive to the other person.

### ESSENTIAL ELEMENTS OF THE OFFENSE

The State's burden of proof is satisfied if the evidence shows, beyond a

reasonable doubt, the following essential elements:

1) On or about July 21, 2004, in Ward County, North Dakota, the defendant, Joseph Rogers, knowingly had sexual contact with [the victim], and

2) The defendant then knew or had reasonable cause to believe that [the victim] suffered from a mental disease or defect which rendered her incapable of understanding the nature of Joseph Rogers' conduct.

Or, in the alternative,

3) The defendant then knew or had reasonable cause to believe that the contact was offensive to [the victim].

### DEFINITIONS

. . . .

"Mental disease or defect." Intoxication does not, in itself, constitute a mental disease or defect. Evidence of intoxication may be considered by you, however, when determining whether Joseph Rogers knew, or had reasonable cause to believe that [the victim] was, through her intoxication, rendered incapable of understanding the nature of Joseph Rogers' conduct.

The jury submitted the following sexual assault verdict:

We, the Jury duly impaneled and sworn in the above-entitled action, do find the Defendant, Joseph Rogers, GUILTY of the crime of Sexual Assault,

Specifically, Joseph Rogers had sexual contact with [the victim] when he knew or had reasonable cause to believe that [the victim] suffered from a mental disease or defect which rendered her incapable of understanding the nature of Joseph Rogers' conduct.

Yes *X* No _____

(NOTE: If you answer "Yes" to the above, do not answer any further questions on this verdict form. The jury leader should date and sign this form.

If you answered "No" to the above, you must answer below.)

Specifically, Joseph Rogers had sexual contact with [the victim] when he knew or had reasonable cause to believe that the contact was offensive to [the victim].

Yes _____ No

The jury answered "Yes" to the first question and, therefore, did not answer the second question.

[¶ 8] When deciding the sufficiency of the evidence, this Court views the evidence and all reasonable inferences "in the light most favorable to the prosecution and then determine[s] whether a rational factfinder could have found guilt beyond a reasonable doubt. Only if the evidence is insufficient to sustain a conviction will this court allow for the entry of a judgment of acquittal." *State v. Lambert*, 539 N.W.2d 288, 289 (N.D.1995) (citation omitted).

[¶ 9] Section 12.1–20–07 does not define "mental disease or defect." The State argues the victim's intoxication, and subsequent unconsciousness, was a mental disease or defect. However, the trial court, in its jury instruction on the definition of mental disease or defect, stated intoxication, in itself, does not constitute a mental disease or defect, in accord with N.D.C.C. § 12.1–04–02. Under N.D.C.C. § 12.1–04–02, "[i]ntoxication does not, in itself, constitute mental disease or defect. . . ." Under N.D.C.C. § 01–01–09, "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears."

[¶ 10] Neither the State nor Rogers objected to the trial court's jury instruction describing intoxication as not, in itself, constituting a mental disease or de-

fect. Rogers merely objected to any instruction regarding mental disease or defect because he felt there was no evidence to support it. "Unchallenged jury instructions become the law of the case." *State v. Wolff*, 512 N.W.2d 670, 675 (N.D.1994) (Levine, J., specially concurring). The jury instruction on the definition of mental disease or defect became the law of the case. The only evidence for mental disease or defect the State relies on is the victim's intoxication. Therefore, even viewing the evidence in a light most favorable to the State, a rational factfinder could not have found Rogers guilty of sexual assault under N.D.C.C. § 12.1–20–07(1)(b).

■ [¶ 11] When this Court "concludes that evidence is legally insufficient to support a guilty verdict, it concludes that the prosecution has failed to produce sufficient evidence to prove its case. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars retrial in such a case." *State v. Yineman*, 2002 ND 145, ¶ 8, 651 N.W.2d 648. We reverse the criminal judgment convicting Rogers of class C felony sexual assault under N.D.C.C. § 12.1–20–07(1)(b). Because another prosecution under N.D.C.C. § 12.1–20–07 would place Rogers in jeopardy again for sexual assault, the State is barred from retrying Rogers under this statute. We remand for the trial court to dismiss count two of the Information charging sexual assault.

### III

■ [¶ 12] Rogers was charged with and convicted of class C felony criminal trespass, which is "knowing that he is not licensed or privileged to do so, he enters or remains in a dwelling or in highly secured premises." N.D.C.C. § 12.1–22–03(1). "Dwelling" is defined as "any building or structure, though movable or temporary, or a portion thereof, which is for the time being a person's home or place of lodging." N.D.C.C. § 12.1–05–12(2). In N.D.C.C.

§ 12.1–22–06(1), "dwelling" is prescribed the same definition as is found in N.D.C.C. § 12.1–05–12(2). "Lodging" is defined as a "place to live" or "a temporary place to stay." *Merriam–Webster's Collegiate Dictionary* 731 (11th ed.2005). A "lodging establishment" is defined as "every building or structure, or any part thereof, which is kept, used, maintained, or held out to the public as a place where sleeping accommodations are furnished for pay to transient guests." N.D.C.C. § 23–09–01(8). For the purposes of N.D.C.C. § 12.1–22–03(1), and based on the ordinary meanings of the statutory words, we conclude "dwelling" includes a hotel room because of the "place of lodging" language.

■ [¶ 13] Rogers argues he should have received a lesser-included offense jury instruction on the class A misdemeanor criminal trespass charge. Under N.D.C.C. § 12.1–22–03(2)(a), "[a] person is guilty of a class A misdemeanor if, knowing that he is not licensed or privileged to do so, he ... [e]nters or remains in any building, occupied structure, or storage structure...." Rogers argues the victim's hotel room was an occupied structure and not a dwelling. "Occupied structure" is defined as a "structure or vehicle ... [w]here any person lives or carries on business or other calling; or ... [w]hich is used for overnight accommodation of persons." N.D.C.C. § 12.1–22–06(4)(a)(b).

■ [¶ 14] A lesser-included offense is a "crime that is composed of some, but not all, of the elements of a more serious crime and that is necessarily committed in carrying out the greater crime." *Black's Law Dictionary* 1111 (8th ed.2004). "For an offense to be a lesser included offense, it must be impossible to commit the greater offense without committing the lesser." *State v. Keller*, 2005 ND 86, ¶ 31, 695 N.W.2d 703. A "lesser offense must be included within but not, on the facts of the

case, be completely encompassed by the greater." *Id.* at ¶ 21.

[¶ 15] Section 12.1–22–03(2)(a), N.D.C.C., is not a lesser-included offense of N.D.C.C. § 12.1–22–03(1). Criminal trespass under N.D.C.C. § 12.1–22–03(2)(a) requires proof of entering or remaining in a building, occupied structure, or storage structure. If a defendant were to enter or remain in a storage structure, knowing he is without license or privilege, he would not necessarily also be entering or remaining in a "dwelling or highly secured premises." In other words, it is not impossible to commit the "greater" offense of trespassing in a dwelling or highly secured premises without committing the "lesser" offense of trespassing in any building, occupied structure, or storage structure. These are two separate offenses and the prosecution had prosecutorial discretion as to which offense was charged. *See State v. Loughead*, 2007 ND 16, ¶ 12, 726 N.W.2d 859. The trial court did not err by not allowing a lesser-included jury instruction. We affirm Rogers' criminal trespass conviction.

## IV

[¶ 16] The conviction of class C felony sexual assault under N.D.C.C. § 12.1–22–07(1)(b) is reversed and remanded for dismissal of count two of the Information. We affirm the judgment of conviction of criminal trespass.

[¶ 17] GERALD W. VANDE WALLE, C.J., LAWRENCE A. LECLERC, S.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 18] The Honorable LAWRENCE A. LECLERC, S.J., sitting in place of KAPSNER, J., disqualified.