# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 116

State of North Dakota,  Plaintiff and Appellee

v.

Corey Lynn Gardner,  Defendant and Appellant

### No. 20220360

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

# State v. Gardner
## No. 20220360

**Bahr, Justice.**

[¶1]   Corey Lynn Gardner appeals from a criminal judgment entered after a jury convicted her of child abuse in violation of N.D.C.C. § 14-09-22. She argues improper jury instructions resulted in obvious error. She also argues insufficient evidence supports the conviction. We affirm the judgment.

## I

[¶2]   Gardner was charged with child abuse in violation of N.D.C.C. § 14-09-22. The Information alleged, as "the daytime caregiver of Jane Doe, age 2 months," Gardner "inflicted or allowed to be inflicted bodily injury on Jane Doe[.]" Section 14-09-22(1), N.D.C.C., provides:

> [A] parent, adult family or household member, guardian, or other custodian of any child, who willfully inflicts or allows to be inflicted upon the child mental injury or bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1-01-04 is guilty of a class C felony except if the victim of an offense under this section is under the age of six years in which case the offense is a class B felony.

[¶3]   The district court's opening instructions describe the charged offense as: "Corey Lynn Gardner, the daytime caregiver to Jane Doe, age two months, inflicted or allowed to be inflicted bodily injury on Jane Doe . . . ." The closing instructions state the essential elements of abuse of a child as:

> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:
>     1)  On or about November 6, 2018, in Williams County, North Dakota;
>     2)  The Defendant, Corey Lynn Gardner;
>     3)  Was an other custodian of Jane Doe, a minor child, under the age of six years; and
>     4)  Willfully inflicted or willfully allowed to be inflicted upon the child, bodily injury.

Gardner did not object to the instructions.

## II

[¶4]   Gardner argues the jury instructions incorrectly informed the jury of the law because the instructions improperly state the culpability level in the essential elements as "willfully inflicted or willfully allowed to be inflicted upon the child." Gardner acknowledges she did not object to the instructions and, thus, did not preserve the issue for appellate review. However, she asks this Court to review the instructions under the obvious error standard. She argues the district court's insertion of "willfully" before "allowed to be inflicted" is obvious error.

[¶5]   Because Gardner did not preserve this issue for appeal, the alleged error will only be reviewed for obvious error. *See State v. Watts*, 2023 ND 47, ¶ 19, 988 N.W.2d 254 (stating when the defendant fails to properly object to a proposed jury instruction the alleged error is not preserved for appeal and the instruction will only be reviewed for obvious error); *State v. Schaf*, 2023 ND 81, ¶ 17, 989 N.W.2d 473 (same). "To establish an obvious error, the defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *State v. Smith*, 2023 ND 6, ¶ 5, 984 N.W.2d 367 (cleaned up). "To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established." *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428 (quoting *State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774). "We have discretion in deciding whether to correct an obvious error, and we should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Smith*, at ¶ 5. (cleaned up). Sustaining a conviction based on jury instructions that do not require findings on every essential element would violate due process and seriously affect the fairness, integrity, and public reputation of criminal proceedings. *Id.* at ¶ 18.

[¶6]   "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391 (cleaned up). "We review the instructions as

a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous." *State v. Gaddie*, 2022 ND 44, ¶ 6, 971 N.W.2d 811.

[¶7]   We must review the statute to assure the jury instructions correctly and adequately inform the jury of the applicable law. "The construction of a criminal statute presents a question of law that is fully reviewable on appeal." *Gaddie*, 2022 ND 44, ¶ 17.

> Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*Id.* (cleaned up).

[¶8]   According to Gardner, "willful conduct" and "allowance" are incongruent; she asserts one cannot allow something to happen if she does not know it is occurring. Gardner provides no authority showing, generally or specifically as to N.D.C.C. § 14-09-22(1), it is incongruous to modify the verb "allowed" with "willfully." To the contrary, in *State v. Anderson*, 480 N.W.2d 727, 730 (N.D. 1992), this Court stated to find a defendant acted "willfully" the jury was required to find the defendant "had acted consciously and with a clearly unjustifiable disregard for the risk of harm" to the victim. Thus, "we have interpreted the definition of 'willfully' under N.D.C.C. § 12.1-02-02 to require volition." *Gaddie*, 2022 ND 44, ¶ 24. *See State v. Trevino*, 2011 ND 232, ¶ 31, 807 N.W.2d 211 (explaining we may apply a definition from N.D.C.C. § 12.1-02-02(1) to affirmatively define a culpability term which is present in another statute); N.D.C.C. § 1-01-09 ("Whenever the meaning of a word or phrase is

3

defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears."). Because reckless conduct requires "conscious disregard," "willful conduct" and "allowance" are not incongruent.

[¶9] Furthermore, the Legislature has criminalized willful allowance in other areas of the Century Code. In 2019, the Legislature amended N.D.C.C. § 12.1-36-01 to include subsection (3): "Any parent, adult family or household member, guardian, or other custodian of any child who *willfully allows* a child to be surgically altered under this section is guilty of child abuse under subsection 1 of section 14-09-22." (Emphasis added.) *See* 2019 N.D. Sess. Laws ch. 122, § 1. Since 1989, our code has included an infraction for willful allowance under N.D.C.C. § 61-14-16, which provides:

> No person may place, erect, or operate a sprinkler irrigation system, center pivot irrigation system, or other irrigation works or equipment upon or across any highway, street, or road or in such a manner as to *willfully allow* water from the irrigation works or equipment to flow or fall upon any highway, street, or road.

(Emphasis added.)

[¶10] Finally, the legislative history of N.D.C.C. § 14-09-22 supports the conclusion "willfully" modifies the word "allows." In 2015, the Legislature separated the offenses of child abuse from neglect of a child, moving child neglect from N.D.C.C. § 14-09-22 to N.D.C.C. § 14-09-22.1. 2015 N.D. Sess. Laws ch. 127, § 3; *see State v. Soucy*, 2020 ND 119, ¶ 8, 943 N.W.2d 755. This amendment changed the following language:

> 1. Except as provided in subsection 2 or 3, a parent, adult family or household member, guardian, or other custodian of any child, who willfully ~~commits any of the following offenses~~ <ins>inflicts or allows to be inflicted upon the child mental injury or bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1-01-04 is guilty of a class C felony</ins> except if the victim of an offense under ~~subdivision a~~ <ins>this section</ins> is under the age of six years in which case the offense is a class B felony~~.~~

4

> ~~a. Inflicts, or allows to be inflicted, upon the child, bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1–01–04 or mental injury.~~
> ~~b. Fails to provide proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals.~~
> ~~c. Permits the child to be, or fails to exercise reasonable diligence in preventing the child from being, in a disreputable place or associating with vagrants or vicious or immoral persons.~~
> ~~d. Permits the child to engage in, or fails to exercise reasonable diligence in preventing the child from engaging in, an occupation forbidden by the laws of this state or an occupation injurious to the child's health or morals or the health or morals of others.~~

2015 N.D. Sess. Laws ch. 127, § 3. Thus, prior to the amendment, "willfully" modified all of the listed offenses, including "[i]nflict[ing], or allow[ing] to be inflicted, upon the child, bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1-01-04 or mental injury."

[¶11] Section 14-09-22.1, N.D.C.C., now provides: "A parent, adult family or household member, guardian, or other custodian of any child, who willfully commits any of the following offenses is guilty of a class C felony," which adopted the previous subsections (b)-(d) of section 14-09-22(1) as its "following offenses." 2015 N.D. Sess. Laws ch. 127, § 3. The child abuse statute, section 14-09-22(1), retained subsection (a) and incorporated the "offense" of "inflicts or allows to be inflicted upon the child mental injury or bodily injury, substantial bodily injury, or serious bodily injury[.]" Therefore, the elements of the offense include the willful conduct of "inflict[ing] or allow[ing] to be inflicted upon the child mental injury or bodily injury, substantial bodily injury, or serious bodily injury."

[¶12] We conclude the district court's use of "willfully allowed to be inflicted" in the jury instructions is not error, obvious or otherwise.

## III

[¶13] Gardner argues the jury instructions combined two alternative methods of child abuse, which did not assure the defendant a unanimous verdict. She argues the jury instructions allowed the jury to convict her of the crime without all the jurors agreeing on which of the underlying actions constituted child abuse beyond a reasonable doubt.

[¶14] All verdicts in criminal cases must be unanimous. N.D. Const. art. I, § 13; N.D.R.Crim.P. 31(a); *see also Martinez*, 2015 ND 173, ¶ 18. "No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." *State v. Pulkrabek*, 2017 ND 203, ¶ 6, 900 N.W.2d 798 (quoting N.D.C.C. § 12.1-01-03(1)).

[¶15] Gardner argues the instructions were incorrect because different jurors could have found Gardner inflicted bodily injury, while others could have found she allowed bodily injury to be inflicted. We analyzed similar arguments under the theft statute and a disorderly conduct ordinance. *See Pulkrabek*, 2017 ND 203 (analyzing the theft statute under N.D.C.C. § 12.1-23-02); *City of Mandan v. Sperle*, 2004 ND 114, 680 N.W.2d 275 (analyzing the disorderly conduct ordinance under Mandan City Ordinance § 19-05-01). Both decisions rely on the United States Supreme Court decision in *Schad v. Arizona,* 501 U.S. 624 (1991), which held the defendant's due process rights were not violated when he was convicted of first-degree murder under instructions that did not require the jury to agree on the alternative theories of premeditated and felony murder.

[¶16] In *Schad*, the Supreme Court explained "legislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes." 501 U.S. at 636 (footnote omitted). "If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law." *Id.*

[¶17] As explained above, in 2015, the Legislature separated the offenses of child abuse from neglect of a child. 2015 N.D. Sess. Laws ch. 127, § 3. In doing so, the Legislature separated conduct resulting in an offense of child abuse from conduct resulting in an offense of child neglect. What remains under N.D.C.C. § 14-09-22 is conduct resulting in the offense of child abuse, which includes two alternative means of committing the crime: (1) a custodian inflicting upon the child mental or bodily injury or (2) a custodian allowing mental or bodily injury to be inflicted upon the child.

[¶18] Similar to the disorderly conduct ordinance and the theft statute, the North Dakota Legislature chose to enumerate two alternative means of committing child abuse, without intending to define separate elements or crimes. This is evidenced by not only the legislative history of N.D.C.C. § 14-09-22, but by the language of the statute itself. The statute uses "or" to set apart the two nonexclusive means of committing child abuse. Either action in violation of the statute is sufficient to justify a conviction under the statute. *See Pulkrabek*, 2017 ND 203, ¶ 18 (analyzing alternative means of committing a theft under North Dakota statute). In fact, that the two behaviors are alternative, nonexclusive means of committing the same offense is even more apparent in N.D.C.C. § 14-09-22(1) than the theft statute in *Pulkrabek* and the disorderly conduct ordinance in *Sperle*. The two alternative behaviors of committing child abuse under N.D.C.C. § 14-09-22(1) are stated in the same subsection and only separated by the word "or," while in *Pulkrabek* and *Sperle* multiple nonexclusive alternative behaviors are stated in multiple subdivisions. 2017 ND 203, ¶ 7; 2004 ND 114, ¶ 13; *see also* N.D.C.C. § 14-09-22.1. We conclude in adopting N.D.C.C. § 14-09-22 the Legislature enumerated alternative means of committing child abuse and did not define separate elements or separate crimes.

[¶19] The jury was not required to unanimously agree upon which of the two alternative means of committing child abuse—Gardner inflicting bodily injury or Gardner allowing bodily injury to be inflicted—it believed the State proved beyond a reasonable doubt.

IV

[¶20] Gardner argues insufficient evidence supports the conviction. Gardner failed to meet her burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. *See State v. Rai*, 2019 ND 71, ¶ 13, 924 N.W.2d 410 (explaining the defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict). Based on the record, sufficient evidence allows a jury to draw a reasonable inference in favor of conviction. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

V

[¶21] We affirm the judgment.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr