# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2019 ND 290

State of North Dakota,                                        Plaintiff and Appellee

     v.

Marlon Leon Comes,                                        Defendant and Appellant

No. 20190213

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Kari M. Agotness, State's Attorney, Devils Lake, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]   Marlon Comes appeals from a Second Amended Criminal Judgment, asserting the judgment imposes an illegal sentence.   Comes argues the sentence illegally postpones his eligibility for parole beyond 85% of his life expectancy at the time of his sentencing.  We affirm.

I

[¶2]   On July 22, 1996, Comes pleaded guilty to a class AA felony charge of murder and a class A felony charge of robbery.  On October 18, 1996, Comes was sentenced to life imprisonment with the possibility of parole on the murder charge and a concurrent ten years imprisonment on the Robbery charge, with credit for 307 days he had served in custody pending the disposition of his case.

II

[¶3]   In 2018 the Department of Corrections and Rehabilitation [DOCR], in conjunction with considering when Comes would be eligible for parole, requested the district court amend the judgment to include a calculation of Comes' life expectancy as of the date of sentencing.  Pursuant to the DOCR's request, the district court issued an amended judgment on August 7, 2018, incorporating a life expectancy calculation.  Comes appealed, and this Court remanded the case to the district court after concluding Comes had not been provided with the required notice prior to the amendment of the judgment.

[¶4]   On remand, the district court calculated Comes' life expectancy and found that Comes' life expectancy at the time of sentencing was 23.8 years. Neither the State nor Comes has challenged the method of calculation used by the district court or the result of the calculation.

[¶5]   On remand, the district court also found N.D.C.C. § 12.1-32-01(1) applied to Comes' sentence.  Section N.D.C.C. § 12.1-32-01(1) provides that individuals who are sentenced to life imprisonment with the possibility of parole are ineligible to have their sentence considered by the parole board until thirty

years after admission to the penitentiary, less sentence reduction earned for good conduct. The Second Amended Criminal Judgment provides Comes would be eligible for consideration by the parole board after thirty years of imprisonment, less sentence reduction earned for good conduct. Comes appealed the second amended judgment and argues the sentence is illegal because his eligibility for parole should be determined by N.D.C.C. § 12.1-32-09.1 and be equal to 85% of his life expectancy calculation of 23.8 years, less any sentence reduction earned for good conduct.

## III

[¶6]   The district court found Comes' sentence "was subject to two qualifying statutory conditions": N.D.C.C. § 12.1-32-09.1 and N.D.C.C. § 12.1-32-01(1). Section 12.1-32-09.1 provides that for certain offenses, an individual who receives a sentence of imprisonment is not eligible for release from confinement until eighty-five percent of the sentence has been served or the sentence is commuted. As noted above, N.D.C.C. § 12.1-32-01(1) provides that individuals who are sentenced to life imprisonment with the possibility of parole are ineligible to have their sentence considered by the parole board for thirty years after admission to the penitentiary.

[¶7]   Comes argues N.D.C.C. § 12.1-32-09.1 is the more specific of the two statutory provisions and, pursuant to N.D.C.C. § 1-02-07, the more specific provision prevails. When reviewing statutory provisions, we attempt to give meaning to every word, phrase, and sentence, and, if necessary, we attempt to reconcile and harmonize potentially conflicting provisions. *State v. Kostelecky*, 2018 ND 12, ¶ 8, 906 N.W.2d 77. When a provision at issue is unambiguous, we look to the plain language of statute to ascertain its meanings. *Id.* (citing N.D.C.C. § 1-02-05).

[¶8]   Section 12.1-32-01(1) provides "a person found guilty of a class AA felony and who receives a sentence of life imprisonment with parole, shall not be eligible to have that person's sentence considered by the parole board for thirty years, less sentence reduction earned for good conduct, after that person's admission to the penitentiary." Section 12.1-32-09.1 provides an individual convicted of certain crimes "and who receives a sentence of imprisonment is

2

not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted." Subsection 2 of N.D.C.C. § 12.1-32-09.1 references life sentences with the possibility of parole, confirming Comes' assertion it can have application to sentences like the sentence imposed on him.

[¶9]  Comes has failed to demonstrate either N.D.C.C. § 12.1-32-09.1 or N.D.C.C. § 12.1-32-01(1) is ambiguous and we conclude the two provisions can be reconciled and harmonized.  How the two statutes interact can be demonstrated by comparing two offenders sentenced to life with the possibility of parole, one with a life expectancy more than thirty years and one with a life expectancy of less than thirty years.  The floor created by N.D.C.C. § 12.1-32-01(1) insures the offender with a life expectancy less than thirty years will not be eligible for parole until the minimum thirty year period has run.  The second offender, with a life expectancy more than thirty years, would have a floor set by N.D.C.C. § 12.1-32-09.1, delaying eligibility until the offender had served 85% of the offender's life expectancy, a period greater than thirty years.  The two statutes can be reconciled and harmonized.

[¶10] We also note the current version of N.D.C.C. § 12.1-32-09.1(3) contemplates the factual circumstances of this case.  Subsection 3 reads as follows: "Notwithstanding this section, an offender sentenced under subsection 1 of section 12.1-32-01 may not be eligible for parole until the requirements of that subsection have been met."  Subsection 3 establishes a floor of thirty years for individuals receiving a sentence of life with the possibility of parole.

[¶11] Comes received a sentence of life with the possibility of parole.  We conclude N.D.C.C. § 12.1-32-09.1 and N.D.C.C. § 12.1-32-01(1) can be reconciled and harmonized by applying a floor of thirty years, less sentence reduction earned for good conduct, before Comes is eligible for consideration

for parole because his life expectancy at the time of sentencing was less than thirty years. We affirm the Second Amended Criminal Judgment.

[¶12] Jon J. Jensen
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.