# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 92

Larry A. Froistad,                                    Plaintiff and Appellant

     v.

State of North Dakota,                              Defendant and Appellee

## No. 20200274

Appeal from the District Court of Bowman County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Steven R. Morrison, Grand Forks, N.D., for plaintiff and appellant.

Andrew J. Q. Weiss, State's Attorney, Bowman, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]   Larry Froistad appeals from an order denying his application for postconviction relief to withdraw his guilty plea. We affirm, concluding Froistad's claims are barred by res judicata and misuse of process.

I

[¶2]   In 1998, Froistad pled guilty to murdering his daughter by setting fire to his residence when she was inside. In 2000, Froistad filed his first application for postconviction relief, arguing: (1) the district court failed to honor his request to withdraw his guilty plea, (2) the court failed to establish a factual basis for his guilty plea, (3) the court failed to ensure his plea was voluntary, (4) the court violated his right to be present during the proceedings, and (5) he received ineffective assistance of counsel. The district court denied relief, and we affirmed. *See Froistad v. State*, 2002 ND 52, 641 N.W.2d 86.

[¶3]   In 2012, Froistad filed a second application for postconviction relief, arguing the State withheld exculpatory evidence and newly discovered evidence warranted a new trial. The district court summarily denied the application, and we summarily affirmed. *See Froistad v. Schmalenberger*, 2013 ND 42, 832 N.W.2d 334.

[¶4]   In January 2020, Froistad filed his third application for postconviction relief to withdraw his guilty plea under N.D.R.Crim.P. 11 and N.D.C.C. ch. 29-32.1. The State responded and raised the affirmative defenses of res judicata and misuse of process. After an evidentiary hearing, the district court denied the application because it was untimely under N.D.C.C. § 29-32.1-01, and the claims were barred by res judicata and misuse of process under N.D.C.C. § 29-32.1-12. The court also concluded the alleged newly discovered evidence of false confessions, when reviewed in light of the evidence as a whole, would not establish that Froistad did not commit murder.

1

[¶5] Froistad argues the district court erred by concluding his claims were barred by res judicata. "Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal." *State v. Atkins*, 2019 ND 145, ¶ 12, 928 N.W.2d 441.

[¶6] Froistad moved to withdraw his guilty plea under N.D.R.Crim.P. 11 and N.D.C.C. ch. 29-32.1. "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d)." *State v. Gress*, 2011 ND 233, ¶ 7, 807 N.W.2d 567. Under N.D.R.Crim.P. 11(d)(2), the defendant cannot withdraw a guilty plea after the court has imposed a sentence, unless the defendant proves withdrawal is necessary to correct a manifest injustice. We have held that "even when a motion following conviction is denominated as a motion under the North Dakota Rules of Criminal Procedure, the provisions of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, are applicable." *Atkins*, 2019 ND 145, ¶ 11.

[¶7] Section 29-32.1-12, N.D.C.C., provides, in relevant part:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

   a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding[.]

"Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier

proceeding." *Atkins*, 2019 ND 145, ¶ 12. In *Atkins*, we barred the criminal defendant's N.D.R.Crim.P. 11 claims under res judicata and misuse of process. *Id.* at ¶¶ 14, 16.

[¶8]   Froistad's latest application for postconviction relief makes many of the same claims he made in his two previous applications, which the district court denied and we affirmed.

[¶9]   First, Froistad claims his guilty plea was not supported by an adequate factual basis, he moved to withdraw his plea, and the district court abused its discretion by not granting his motion to withdraw his plea, further inquire into the matter, or hold a hearing. Froistad alleged in his first application for postconviction relief that the district court failed to honor his request to withdraw his guilty plea and failed to establish a factual basis for his guilty plea. We concluded the court did not err in finding Froistad made no request to withdraw his guilty plea and in finding a sufficient factual basis existed. *Froistad v. State*, 2002 ND 52, ¶¶ 16, 24.

[¶10] Second, Froistad asserts his guilty plea was involuntary. He made this claim in his first application, and we concluded the district court did not err in finding his plea was voluntary. *Froistad v. State*, 2002 ND 52, ¶ 31. Third, Froistad claims he received ineffective assistance of counsel because counsel failed to obtain a psychiatric evaluation of him and inform the court of his desire to withdraw his plea. We addressed this claim on appeal of his first application, concluding the court did not err in finding Froistad did not suffer from ineffective assistance of counsel. *Id.* at ¶¶ 38, 41.

[¶11] Fourth, Froistad contends the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). This was the subject of his second application for postconviction relief. We summarily affirmed the district court's denial of relief. *Froistad v. Schmalenberger*, 2013 ND 42, ¶ 1. Because these four claims were fully and finally determined in previous proceedings, they are barred by res judicata. *See* N.D.C.C. § 29-32.1-12(1).

[¶12] Froistad claims he was incompetent to plead guilty, and the district court should have ordered a competency evaluation on its own motion. These claims

are similar to the issue of whether Froistad's plea was knowing and voluntary, which was raised in the first application, rejected by the district court, and affirmed by this Court. However, to the extent they differ, Froistad inexcusably failed to raise these claims in his previous applications for postconviction relief. Although the district court concluded these claims were barred by res judicata, as opposed to a misuse of process, such is not reversible error. *See Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724 (stating that "[w]e will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning").

[¶13] Froistad argues the district court erred by not allowing him to withdraw his guilty plea due to the existence of newly discovered evidence. He asserts the following is newly discovered evidence: (1) a "new understanding of the prevalence of false confessions, along with Dr. [Bruce] Frumkin's expert opinion regarding Froistad's confession"; (2) Dr. Michael Farnsworth's evaluation, report, and expert opinion that "Froistad's confessions were false"; (3) a "new understanding of computer mediated communication, which cannot be understood in the same way we understand other forms of communication," along with Dr. Nicholas Bowman's expert opinion that "Froistad's online confessions are unreliable as reflective of the truth"; and (4) Clare Hochhalter's opinion that Froistad did not commit murder.

[¶14] The district court found that the study of false confessions is not a new science. The testimony at the evidentiary hearing is consistent with the court's finding. Dr. Frumkin testified to the study of false confessions, stating "since the mid-'90s and late 1990s, there's been a lot of research out there and a lot of workshops and conferences and publications." Dr. Farnsworth noted in his psychiatric report that the field of psychiatry has not progressed substantially in the understanding of psychosis or treatment since 1998. Dr. Bowman testified that the study of computer-mediated communication existed in 1998, and was "established" by the early to mid-2000s. Although some of these areas of study are now more developed, they existed prior to Froistad's first application for postconviction relief in 2000, and all areas of study were well-established by his second application in 2012. Thus, without deciding whether in other circumstances this information may constitute newly discovered

4

evidence, we conclude Froistad inexcusably failed to raise these claims in his previous applications for postconviction relief, and are barred as a misuse of the postconviction process. *See* N.D.C.C. § 29-32.1-12(2)(a).

[¶15] Clare Hochhalter, who was the prosecutor assigned to Froistad's federal case in 1998, also testified at the evidentiary hearing and submitted an affidavit. Froistad argues Hochhalter's opinion on his culpability is newly discovered evidence. The district court found:

> On October 30, 2012, attorneys for Froistad filed a "Motion to Discover Newly Discovered Evidence." The newly discovered evidence was that of a letter/email from then Assistant U.S. Attorney Clare Hochhalter which basically reiterates much of the testimony that now Magistrate Clare Hochhalter testified to in front of this Court. The entire record in front of Judge Anderson and the letter/email from Clare Hochhalter went up before the North Dakota Supreme Court in the case of *Froistad v. Schmalenberger*, 2013 ND 42, 832 N.W.2d 334.

Froistad does not dispute that Hochhalter's letter was a part of the record on appeal of the denial of his second application for postconviction relief. We summarily affirmed the district court's denial of his second application. *Froistad v. Schmalenberger*, 2013 ND 42, ¶ 1. At oral argument, Froistad, through counsel, conceded his prior postconviction counsel was aware of Hochhalter's opinion but simply chose not to have him testify, assuming it was related to *Touhy* regulations, which limit a federal employee's ability to testify. Hochhalter testified he told prior postconviction counsel about his opinion and advised him about the *Touhy* regulations, and he was never contacted again. Froistad assumes this was due to the barriers that the *Touhy* regulations posed for prior counsel, but he did not call prior counsel to testify to that assumption. Therefore, even assuming Hochhalter's opinion on Froistad's culpability can qualify as newly discovered evidence, the claim is barred by res judicata and misuse of process.

[¶16] Froistad asserts the doctrine of res judicata does not apply where it would result in a manifest injustice. For support, Froistad cites *Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 14, 729 N.W.2d

101, for the proposition that "[i]n analyzing these issues [of res judicata and collateral estoppel], we keep in mind the admonition that the doctrines should apply as fairness and justice require, and should not be applied so rigidly as to defeat the ends of justice or to work an injustice." He also cites a number of cases from other jurisdictions that he claims provide a "manifest injustice exception to the res judicata bar." In *Lobato v. Taylor*, 70 P.3d 1152, 1165-67 (Colo. 2003), the Supreme Court of Colorado acknowledged such an exception, but ultimately concluded it did not apply in that case, and highlighted the importance of the application of res judicata:

> In barring the relitigation of tried matters, res judicata serves distinct and important public and private values. As the United States Supreme Court has stated, res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L.Ed.2d 552 (1979) (citations omitted). Underlying these purposes of finality and efficiency is the vital interest in preserving the integrity of the judicial system. Wright, Miller, & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 4403 at 23. Specifically, if one matter could be easily relitigated with inconsistent results, judicial integrity would be compromised and the value of and respect for court rulings would be seriously devalued. Although exceptions to the application of res judicata have been allowed in instances where such application would undermine an important state public policy or result in manifest injustice, *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977), after the United States Supreme Court's decision in *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 69 L.Ed.2d 103 (1981), such exceptions are extremely rare.

*Lobato*, 70 P.3d at 1165-66. Although we have said the doctrine of res judicata should apply as fairness and justice require, we have not carved out a "manifest injustice exception" to res judicata. On the facts of this case, fairness and justice do not require a deviation from the application of res judicata.

[¶17] We conclude Froistad's claims were either fully and finally determined in a previous postconviction proceeding or he inexcusably failed to raise the

claim. *See* N.D.C.C. § 29-32.1-12; *see also State v. Johnson*, 1997 ND 235, ¶ 13, 571 N.W.2d 372 (stating "a defendant is not entitled to repetitious post-conviction relief when the contentions raised on appeal were 'simply variations' of previous arguments"). Accordingly, his claims are barred.

## III

[¶18] We need not address whether the district court's alternative grounds for denying relief were in error, because the court did not err in concluding Froistad's claims are barred by res judicata and misuse of process. We have considered the remaining issues and conclude they are either without merit or unnecessary to our decision.

[¶19] The order denying Froistad's application for postconviction relief to withdraw his guilty plea is affirmed.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte