# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 107

Marlon Comes,                                    Petitioner and Appellant

v.

State of North Dakota,                           Respondent and Appellee

## No. 20210005

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Tyler J. Morrow (argued) and Kiara C. Kraus-Parr (on brief), Grand Forks, ND, for petitioner and appellant.

Beau M. Cummings, State's Attorney, Devils Lake, ND, for respondent and appellee.

**Comes v. State**
**No. 20210005**

**Jensen, Chief Justice.**

[¶1]   Marlon Comes appeals from an order denying his application for post-conviction relief. He argues his sentence is illegal because it fails to accurately reflect credit for "good time" and the corresponding sentence reduction, and his sentence fails to properly account for time he was held in custody prior to sentencing. The district court found that the North Dakota Department of Corrections and Rehabilitation ("Department of Corrections") has exclusive discretion to determine whether an offender should be credited with a performance-based sentence reduction. The court also found the statutory remedy of post-conviction relief pursuant to N.D.C.C. ch. 29-32.1 is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence. We affirm the order dismissing Comes' application for post-conviction relief.

I

[¶2]   In July 1996, Comes pled guilty to robbery, a class A felony, and murder, a class AA felony. On October 18, 1996, the district court sentenced Comes to life imprisonment with parole with credit for 307 days of time served. Comes has initiated several challenges to the criminal judgment. *See Comes v. State*, 2018 ND 54, 907 N.W.2d 393 (dismissing appeal from a dismissal of an application for post-conviction relief and motion for a new trial); *State v. Comes*, 2019 ND 99, 926 N.W.2d 117 (remanding to the district court to provide notice and opportunity to be heard regarding an amended judgment); *State v. Comes*, 2019 ND 290, 936 N.W.2d 114 (affirming the entry of a second amended judgment). This Court has also summarily affirmed several other denials of applications for post-conviction relief filed by Comes. *Comes v. State*, 2000 ND 142, 618 N.W.2d 724; *Comes v. State*, 2014 ND 141, 859 N.W.2d 929; *Comes v. State*, 2016 ND 118, 881 N.W.2d 256.

1

[¶3] Comes filed his current post-conviction relief challenge to the second amended judgment on October 12, 2020. Comes contends his sentence was illegal because he has not received a sentence reduction for "good time" as required by law, and he has not received credit for the 307 days he spent in custody prior to his sentencing. The State moved to dismiss or, in the alternative, requested summary disposition of Comes' petition for post-conviction relief. The district court dismissed Comes' petition for post-conviction relief after finding that the Department of Corrections has the exclusive discretion to determine whether an offender should be credited with a sentence reduction, and post-conviction relief is a limited statutory remedy not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

## II

[¶4] Comes argues he has been denied credit for "good time" he earned while in custody. He argues he is entitled to have this credit applied toward a reduction of his sentence. Comes filed the present action as an application for post-conviction relief under N.D.C.C. ch. 29-32.1. "A proceeding under [Chapter 29-32.1] is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence." N.D.C.C. § 29-32.1-01(4). A sentencing court goes outside its jurisdiction when prohibiting, limiting or granting good time, an administrative tool which the legislature has given the Department of Corrections. *State v. Trieb*, 516 N.W.2d 287 (N.D. 1994). "The computation of good time credits is exclusively an administrative responsibility." *Id.* at 292 (quoting *State v. Aqui*, 721 P.2d 771, 774 (N.M. 1986)) (internal quotation marks omitted). Based on the express language of N.D.C.C. § 29-32.1-01(4) and our decision in *Trieb*, we conclude the district court properly dismissed Comes' N.D.C.C. ch. 29-32.1 post-conviction relief claim challenging the administrative accumulation and credit of "good time."

2

## III

[¶5]   Comes asserts he is entitled to post-conviction relief because he was not provided with a reduction of his sentence for the 307 days he was held in custody prior to his sentencing. Section 12.1-32-02(2), N.D.C.C., requires credit be given toward a defendant's sentence for pretrial custody of a defendant as follows:

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal. The total amount of credit the defendant is entitled to for time spent in custody and any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to must be stated in the criminal judgment.

[¶6]   Comes asserts he has not been provided with credit for 307 days of pretrial custody. To the extent he challenges the second amended judgment itself, his argument fails on its face because the second amended judgment expressly provides that Comes is to be given credit for the 307 days he was held in custody prior to sentencing. To the extent his argument challenges the administrative actions of the Department of Corrections, as explained in Section II of this opinion, N.D.C.C. ch. 29-32.1 pertaining to post-conviction relief does not provide a remedy.

## IV

[¶7]   The district court properly dismissed Comes' N.D.C.C. ch. 29-32.1 post-conviction relief challenge to the accumulation and credit of good time, and

his challenge asserting he has not been given credit for the 307 days he was held in custody prior to his sentencing. We affirm the order dismissing Comes' application for post-conviction relief.

[¶8]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte