# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 7

State of North Dakota,

Plaintiff and Appellee

v.

Robert Michael Williamson,

Defendant and Appellant

### No. 20230205

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Robert M. Williamson, self-represented, Bismarck, ND, defendant and appellant; submitted on brief.

## State v. Williamson
## No. 20230205

**Bahr, Justice.**

[¶1]   Robert Williamson appeals a district court order denying his motions for correction of sentence under N.D.R.Crim.P. 35 and N.D.R.Civ.P. 60. We hold the court illegally sentenced Williamson by not including Williamson's accrued good time when it resentenced him for probation violations. We reverse and remand for resentencing in accordance with this opinion.

I

[¶2]   Williamson pled guilty to two counts of gross sexual imposition and one count of luring minors by computer. The district court sentenced Williamson to 10 years with all but 5 years suspended. The Department of Corrections awarded Williamson good time and released him after he served approximately four and a half years; Williamson was placed on probation. The State later filed a petition for revocation alleging Williamson violated conditions of his probation. After a hearing, the court found Williamson violated conditions of his probation and resentenced Williamson to a term of commitment of 10 years with credit for 4 years and 181 days. The court did not include any of Williamson's accrued good time in the sentence.

[¶3]   Williamson filed motions to correct his sentence under N.D.R.Crim.P. 35 and N.D.R.Civ.P. 60. The district court denied the motions.

II

[¶4]   Rule 35(a)(1), N.D.R.Crim.P., provides "[t]he sentencing court shall correct an illegal sentence at any time[.]" "A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence." *State v. Rath*, 2017 ND 213, ¶ 6, 901 N.W.2d 51 (cleaned up) (quoting *State v. Gray*, 2017 ND 108, ¶ 17, 893 N.W.2d 484).

[¶5] Williamson's motion under N.D.R.Civ.P. 60 is not proper as the rules of criminal procedure govern criminal cases. N.D.R.Civ.P. 1; N.D.R.Crim.P. 1. Moreover, Williamson's Rule 60 motion raises the same issue as his Rule 35(a) motion. Therefore, we will only address Williamson's motion under N.D.R.Crim.P. 35(a).

III

[¶6] Williamson argues his sentence was illegal because the district court did not include his good time credit in the amended criminal judgment. The State responds that the sentence is authorized by law because "time served" excludes good time; "As Williamson's sentence was reduced by his good time credit and he did not spend that time in custody, it is not included in his 'time served' calculation." Resolution of this matter requires interpretation of N.D.C.C. § 12-54.1-01.

[¶7] The construction of a statute presents a question of law that is fully reviewable on appeal. *State v. Gaddie*, 2022 ND 44, ¶ 17, 971 N.W.2d 811.

> Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage.

*State v. Gardner*, 2023 ND 116, ¶ 7, 992 N.W.2d 535 (quoting *Gaddie*, at ¶ 17).

[¶8] Section 12-54.1-01, N.D.C.C., grants the Department of Corrections the discretion to reduce an offender's sentence each month the offender is in custody. Specifically, "The department may credit an offender committed to the legal and physical custody of the department who is eligible for sentence reduction five days good time per month for each month of the sentence imposed." N.D.C.C. § 12-54.1-01. The sentence reduction is often referred to as "good time."

3

[¶9] Under this Court's case law, a sentencing court cannot reduce a person's good time. We have held, "A sentencing court goes outside its jurisdiction when prohibiting, limiting or granting good time, an administrative tool which the legislature has given the Department of Corrections." *Comes v. State*, 2021 ND 107, ¶ 4, 961 N.W.2d 270. "The deduction of good time credits from an inmate's sentence is a discretionary matter entrusted not to the courts but to the administrators of the penitentiary." *State v. Trieb*, 516 N.W.2d 287, 292 (N.D. 1994). "The computation of good time credits is exclusively an administrative responsibility." *Comes*, at ¶ 4 (quoting *Trieb*, at 292).

[¶10] Section 12.1-32-02, N.D.C.C., addresses sentencing. Subsection 2 provides the district court must give a defendant "[c]redit against any sentence to a term of imprisonment . . . for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based." Section 12.1-32-02(2) defines "time spent in custody" to include time spent in custody "prior to trial, during trial, pending sentence, or pending appeal." Although this definition relates to "time spent in custody" at the time of the original sentence, "time spent in custody" necessarily includes time spent in custody after an initial sentence and before probation revocation. *State v. Netterville*, 2022 ND 153, ¶ 11, 978 N.W.2d 674 (concluding an amended judgment entered after revocation should have reflected credit for the days served on the original sentence because section 12.1-32-02(2) requires a judgment to reflect "all time spent in custody as a result of the criminal charge"). Section 12.1-32-02(2) concludes, "The total amount of credit the defendant is entitled to for time spent in custody *and* any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to must be stated in the criminal judgment." (Emphasis added.)

[¶11] Section 12.1-32-02(2), N.D.C.C., has two key requirements relevant to this case. First, section 12.1-32-02(2) requires the district court to state "[t]he total amount of credit the defendant is entitled to for time spent in custody[.]" N.D.C.C. § 12.1-32-02(2). Second, section 12.1-32-02(2) requires the judgment state "any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to[.]" Thus, section 12.1-32-02(2) requires the

judgment include and give a defendant credit for both the defendant's "time spent in custody" and any "sentence reduction," i.e., good time. To conclude a judgment does not need to include "credit for sentence reduction" "would render part of the statute merely surplusage." *Bell v. State*, 2022 ND 222, ¶ 8, 982 N.W.2d 589 (quoting *State v. Houkom*, 2021 ND 223, ¶ 7, 967 N.W.2d 801). Moreover, to permit a court to reduce or remove good time credited by the Department of Corrections would be contrary to our long-standing interpretation of N.D.C.C. § 12-54.1-01. The Department of Corrections, not the courts, has discretion to grant or limit a defendant's good time. *Comes,* 2021 ND 107, ¶ 4.

[¶12] The State is correct that "good time" is not "time served." However, in adopting N.D.C.C. § 12.1-32-02(2), the legislature determined a criminal judgment must include credit for both "time spent in custody" and any "sentence reduction" awarded by the Department of Corrections.

[¶13] The district court correctly included Williamson's time spent in custody in the amended judgment. The court did not include in the amended judgment the good time Williamson accrued while incarcerated on his original sentence. When the court resentenced Williamson after revoking his probation, N.D.C.C. § 12.1-32-02(2) required the court to include in the amended judgment the good time Williamson accrued while serving his initial sentence. The court does not have the authority to waive or limit good time the Department of Corrections awarded to Williamson, and the statute requires any credit for sentence reductions "be stated in the criminal judgment." N.D.C.C. § 12.1-32-02(2). Therefore, we conclude the amended judgment is contrary to statute because it does not include credit for the good time the Department of Corrections awarded to Williamson.

IV

[¶14] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We reverse and remand for resentencing in accordance with this opinion.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr