# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 60

State of North Dakota,                              Plaintiff and Appellee

    v.

Joshua John Gomez,                              Defendant and Appellant

## No. 20240144

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED IN PART AND REMANDED.

Opinion of the Court by McEvers, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1] Joshua Gomez appeals from a corrected second amended criminal judgment entered after an order granted in part and denied in part his motion to correct an illegal sentence. Gomez argues the district court imposed an illegal sentence by failing to recognize his credit for good time, and for time spent at the State Hospital pursuant to his civil commitment case. We affirm in part, concluding the court did not err in excluding time Gomez spent at the State Hospital under his civil commitment, and remand for the court to consider good time credit.

I

[¶2] In 2006, the State charged Gomez with criminal trespass, stalking, violation of a disorderly conduct restraining order, and gross sexual imposition ("GSI"). After Gomez pled guilty to all counts, the district court sentenced him to a term of imprisonment of two years for trespassing, one year for stalking, one year for violating the restraining order, and 20 years for GSI, running concurrently to each other. On the GSI count, the court ordered ten years to be suspended and a five-year term of probation after being released. Gomez was credited 176 days for time served.

[¶3] In 2018, the State petitioned to revoke Gomez's probation. After a hearing, the district court revoked his probation and resentenced him on the GSI count to a term of imprisonment of 50 years with all but 20 years suspended, and credited him for 9 years and 27 days of time served. Gomez appealed, and we summarily affirmed the second amended judgment revoking his probation and resentencing him.

[¶4] In February 2024, Gomez moved to correct an illegal sentence under N.D.R.Crim.P. 35, arguing his sentence was illegal because he was resentenced beyond the sentence initially imposed but suspended, citing *Dubois v. State*, 2021 ND 153, 963 N.W.2d 543, and its progeny, as a new interpretation of the law. Additionally, Gomez asserted that he should be given credit for time spent at the

1

North Dakota State Hospital pursuant to his civil commitment case, and that his sentence calculation sheet showing 11 years to serve was inaccurate. The State conceded the sentence has been rendered illegal under *Dubois* and *State v. McGinnis*, 2022 ND 46, 971 N.W.2d 380, but opposed any additional credit for time served. After a hearing, the district court granted Gomez's motion in part, concluding the sentence has been rendered illegal, and denied the motion in part, concluding Gomez was not entitled to credit for the time he was civilly committed at the State Hospital. The court entered the corrected second amended criminal judgment, resentencing Gomez to 20 years on the GSI count, commencing September 18, 2018 (the date of his previous resentencing), and crediting him for 9 years and 27 days of time served.

## II

[¶5] Gomez argues the district court imposed an illegal sentence by failing to recognize his credit for good time and for time served at the State Hospital. "The sentencing court shall correct an illegal sentence at any time." N.D.R.Crim.P. 35(a)(1). "A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction." *State v. Williamson*, 2024 ND 7, ¶ 4, 1 N.W.3d 610. We have recognized that an illegal sentence includes a sentence that is contrary to statute. *Id.*

## A

[¶6] Gomez argues the district court imposed an illegal sentence by failing to credit him for the time he spent at the State Hospital pursuant to his civil commitment case. He asserts he was committed to the State Hospital from July 14, 2015, through May 9, 2018, for treatment as a sexually dangerous individual. Gomez contends the court erred by failing to credit him approximately 2 years and 10 months that he was civilly committed to the State Hospital.

[¶7] Under N.D.C.C. § 12.1-32-02(2),

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody *as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based*. "Time spent in custody"

2

includes time spent in custody in a jail or mental institution *for the offense charged*, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal. The total amount of credit the defendant is entitled to for time spent in custody and any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to must be stated in the criminal judgment.

(Emphasis added.) "Credit for time served, therefore, is appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." *State v. Eugene*, 340 N.W.2d 18, 35 (N.D. 1983); *see also Gust v. State*, 2006 ND 114, ¶ 5, 714 N.W.2d 826 ("[A] defendant is not to be credited for time spent in custody for a wholly unrelated charge.").

[¶8] Chapter 25-03.3, N.D.C.C., concerning the commitment of sexually dangerous individuals, "creates a civil procedure," rather than establishing a "criminal punishment." *In re M.D.*, 1999 ND 160, ¶¶ 27, 31, 598 N.W.2d 799. At a commitment proceeding, the State has the burden of proving a person is a sexually dangerous individual by clear and convincing evidence. N.D.C.C. § 25-03.3-13. The State must prove the following statutory elements:

> (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Int. of Nelson*, 2017 ND 152, ¶ 4, 896 N.W.2d 923. The State must also prove the individual has serious difficulty controlling his behavior. *Id.* We have "construe[d] the definition of a sexually dangerous individual to mean that proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal

case." *In re G.R.H.*, 2006 ND 56, ¶ 18, 711 N.W.2d 587. We have held that "all sexually predatory conduct, including conduct that did not result in a charge or conviction, may be considered" under the sexually dangerous individual analysis. *In re P.F.*, 2006 ND 82, ¶ 21, 712 N.W.2d 610; *see also Int. of Skorick*, 2024 ND 83, ¶ 8, 6 N.W.3d 666 (noting that "[t]o determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered" and that "conduct does not have to be sexual in nature").

[¶9]   In this criminal case, Gomez was charged for committing GSI. The State alleged he "engaged in a sexual act with another who was under the age of fifteen years." *See also* N.D.C.C. § 12.1-20-03(1) (providing the elements of the crime). Gomez pled guilty to this crime and was sentenced to the custody of the Department of Corrections and Rehabilitation ("DOCR"). If Gomez contested the charge and proceeded to trial, the State would have had to prove each element of the offense beyond a reasonable doubt. N.D.C.C. § 12.1-01-03(1). Therefore, both the elements of the crime and the State's burden of proof in a criminal case differ from a sexually dangerous individual proceeding under N.D.C.C. ch. 25-03.3.

[¶10] At oral argument, Gomez through counsel asserted the conduct for which he was civilly committed was the same conduct underlying the GSI charge. Neither the petition for commitment of a sexually dangerous individual nor any order for commitment in Gomez's civil commitment case is a part of the record in this criminal case. In its order on Gomez's motion to correct an illegal sentence, the district court noted that it "was not requested to and did not review the petition nor the basis for commitment of the Defendant in Case 08-2015-MH-75. . . . Although the court that issued the civil commitment order may have considered conduct on which [the GSI count] was based, this Court was not presented with facts to support that conclusion." When asked at oral argument whether the Court needed to take judicial notice of any filings in the civil commitment case to analyze this argument, Gomez through counsel stated, "No . . . I suppose [element] one," concerning whether the individual engaged in sexually predatory conduct. At no point has Gomez asked us to take judicial notice of any filing in his civil commitment case. Because this record has no evidence of the conduct for which Gomez was civilly committed, Gomez has not

4

shown the civil commitment conduct was the same conduct underlying the GSI charge.

[¶11] Gomez argues N.D.C.C. § 12.1-32-02(1)(g) applies, which states,

> 1. Every person convicted of an offense who is sentenced by the court must be sentenced to one or a combination of the following alternatives, unless the sentencing alternatives are otherwise specifically provided in the statute defining the offense or sentencing is deferred under subsection 4:
>
> . . . .
>
> > g. Commitment to an appropriate licensed public or private institution for treatment of alcoholism, drug addiction, or mental disease or defect.

Because Gomez was not sentenced in his criminal case to the State Hospital for treatment under N.D.C.C. § 12.1-32-02(1)(g), this provision does not apply. Rather, Gomez's commitment to the State Hospital was outside of the criminal sentencing context, and was pursuant to a civil commitment order. He was not committed to the State Hospital "for the offense charged." N.D.C.C. § 12.1-32-02(2).

[¶12] Gomez also relies upon *State v. Eagleman*, 2013 ND 101, ¶¶ 2, 4, 831 N.W.2d 759, where we noted in providing the background of the case that the district court resentenced the defendant—who "spent time at the State Hospital pending a separate civil commitment hearing as a sexually dangerous individual"—to a term of imprisonment "with credit for time served in prison and in the State Hospital." Whether the district court properly awarded credit for time served in the State Hospital was not challenged in *Eagleman*, and therefore provides no guidance in resolving the issue in this case.

[¶13] Section 12.1-32-02(2), N.D.C.C., requires the time spent in custody to be as a result of either the charge for which the sentence was imposed or the conduct on which the charge was based. We conclude that Gomez's time spent at the State Hospital was not as a result of the sentence imposed on the GSI charge. Nor is there evidence in the record showing the time spent at the State Hospital was

as a result of the conduct on which the GSI charge was based. The district court therefore did not err in excluding the time Gomez spent at the State Hospital pursuant to his civil commitment case.

B

[¶14] Gomez argues his sentence was illegal because the district court did not include the good time credit he accrued serving his original sentence. The State argues this issue was not preserved for appeal because it was not raised in the district court. The State also argues "Gomez acknowledged the district court had granted the correct amount of credit for time served, indicating his total time served was nine years, twenty-seven days"; and "[t]here is nothing in the record indicating there was any additional good time awarded to Gomez." Although the good time credit issue was not argued the same way to the district court, "[t]his Court will review a claim of an illegal sentence even when the defendant 'did not raise this argument below by objecting at sentencing or through a motion under N.D.R.Crim.P. 35(a).'" *McGinnis*, 2022 ND 46, ¶ 10.

[¶15] In *Williamson*, we recently analyzed good time credit. In that case, the defendant, Robert Williamson, was originally sentenced to 10 years with 5 years suspended. 2024 ND 7, ¶ 2. After the DOCR awarded Williamson good time and released him after four and a half years, he served a term of probation. *Id.* Williamson then violated the conditions of his probation, and the district court resentenced Williamson to 10 years with credit for 4 years and 181 days. *Id.* The court did not include any of his accrued good time in the sentence, and he moved to correct the sentence under N.D.R.Crim.P. 35, which the court denied. *Id.* ¶¶ 2-3. On appeal, Williamson argued his sentence was illegal because the court did not include his good time credit in the amended criminal judgment. *Id.* ¶ 6.

[¶16] In analyzing the good time issue, we noted that under N.D.C.C. § 12-54.1-01 the DOCR "may credit an offender committed to the legal and physical custody of the department who is eligible for sentence reduction five days good time per month for each month of the sentence imposed." *Williamson*, 2024 ND 7, ¶ 8 (quoting N.D.C.C. § 12-54.1-01). This sentence reduction is referred to as "good time," which is different from "time spent in custody" or "time served."

6

*Id.* ¶¶ 8, 12. Under N.D.C.C. § 12.1-32-02(2), "The total amount of credit the defendant is entitled to for time spent in custody and any credit for sentence reduction under section 12-44.1-32 or 12-54.1-01 the defendant is entitled to must be stated in the criminal judgment." The *Williamson* Court concluded that § 12.1-32-02(2) "requires the judgment include and give a defendant credit for both the defendant's 'time spent in custody' and any 'sentence reduction,' i.e., good time." *Williamson*, ¶ 11. We held, "When the court resentenced Williamson after revoking his probation, N.D.C.C. § 12.1-32-02(2) required the court to include in the amended judgment the good time Williamson accrued while serving his initial sentence." *Id.* ¶ 13. Because the amended judgment did not include the credit for good time that the DOCR awarded to Williamson, it was contrary to statute, and the sentence was illegal. *Id.* ¶¶ 1, 13.

[¶17] Here, the corrected second amended criminal judgment stated that Gomez "shall be granted good time for any time spent in custody, as allowed by statute," and "shall receive credit for nine (9) years twenty-seven (27) days served in-custody." Therefore, while the judgment specifically states the time spent in custody or time served, it does not specifically state whether Gomez accrued any good time, and if so, how much. Gomez, for his part, does not cite to any evidence in the record showing that the DOCR awarded him good time or the amount of good time awarded to him, other than the fact that he was released to probation after 9 years and 27 days from a 20-year sentence requiring initial service of ten years. We remand to the district court for it to consider the issue in the first instance, receiving any evidence it may require from the parties; then to enter an amended criminal judgment stating the correct amount of good time credit.

III

[¶18] Gomez states in the "Statement of Facts" section of his appellant brief that the district court "ignored his time in custody pre-revocation," which according to him was 29 days, and that he should have been credited that time during his 2018 resentencing. He makes no further argument on this issue, or citation to the record showing he was in custody for 29 days immediately prior to his revocation hearing. Under N.D.R.App.P. 28(b)(7)(A), the appellant's brief must

include his argument, which must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We "will not consider an argument that is not adequately articulated, supported, and briefed." *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389. Nor will we "engage in unassisted searches of the record for evidence to support a litigant's position." *Id.* "[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *State v. Thesing*, 2024 ND 219, ¶ 16, 14 N.W.3d 574; *see also State v. Johnson*, 2024 ND 222, ¶ 9, 14 N.W.3d 597 ("Issues raised on appeal should be fully briefed, with a fair and adequate opportunity for response from opposing parties."). The issue is not mentioned in Gomez's "Law and Argument" section of his appellant brief. To the extent Gomez attempted or intended to argue the court erred by failing to credit him time served immediately prior to the revocation hearing, we conclude this argument was not adequately articulated, supported, and briefed and fails to meet the minimum requirements of N.D.R.App.P. 28(b)(7)(A). The issue is therefore waived and we decline further review.

IV

[¶19] We affirm in part and remand for the district court to consider Gomez's new argument that he received good time credit.

[¶20] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr