# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 66

Robert Michael Williamson,                              Petitioner and Appellant

v.

State of North Dakota,                                  Respondent and Appellee

## No. 20240155

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1]   Robert Williamson appeals from an order denying his second application for postconviction relief. Williamson argues the district court erred when it decided res judicata barred his claim for ineffective assistance of counsel relating to representation he received during probation revocation proceedings. He also argues the court erred when it decided he was statutorily prohibited from bringing a claim for ineffective assistance of counsel relating to representation he received during his first postconviction case. We conclude the court's application of res judicata was erroneous because the State waived the defense by failing to plead it. However, Williamson's claims are barred by the affirmative defense of misuse of process, which the State did assert, and N.D.C.C. § 29-32.1-09(2), which prohibits claims for ineffective assistance of postconviction counsel. We affirm the order denying Williamson's application for postconviction relief.

I

[¶2]   Williamson pleaded guilty to two counts of gross sexual imposition and one count of luring a minor by electronic means in case number 08-2016-cr-2578. He was sentenced to a term of incarceration with time suspended. He did not file a direct appeal. In August 2021, the State initiated probation revocation proceedings, and the court appointed counsel for Williamson. In January 2022, the district court revoked Williamson's probation, resentenced him, and entered an amended criminal judgment. Williamson did not appeal.

[¶3]   After Williamson's probation was revoked, he filed his first application for postconviction relief. *See* Case No. 08-2022-cv-0836. Williamson alleged his probation officer lied, new evidence existed, and proof was insufficient that he committed a probation violation. The district court entered an order denying his application on its own motion after the State filed an answer. In *Williamson v. State*, 2022 ND 192, ¶ 1, 981 N.W.2d 928, we held the district court erred by not following the proper procedure for summary disposition, and we reversed the order denying Williamson's application. After remand, the court held a hearing.

The court asked Williamson's postconviction counsel whether she was going to submit evidence to support an ineffective assistance of revocation counsel claim, and she responded she would not. The district court entered another order denying Williamson's application, which we summarily affirmed. *See Williamson v. State*, 2023 ND 179, 996 N.W.2d 312.

[¶4] Williamson also filed pro se motions in his criminal case asserting the district court imposed an illegal sentence. The court denied Williamson's motions, and he appealed. We held Williamson's sentence was unlawful because the district court failed to include his accrued good time when resentencing him for the probation violations, and we remanded the case for resentencing. *See State v. Williamson*, 2024 ND 7, ¶¶ 13-14, 1 N.W.3d 610.

[¶5] Williamson filed this second application for postconviction relief in March 2024. He alleged new evidence exists and the attorneys representing him during the revocation proceeding and the first postconviction proceeding provided ineffective assistance. The State filed an answer denying his allegations and pleaded the affirmative defense of misuse of process. The district court held a hearing. Williamson was unrepresented. The State advised the court Williamson "already pled and argued the ineffective assistance of counsel which was denied[.]" Williamson maintained he had never raised such a claim.

[¶6] The district court entered an order denying Williamson's application. The court found Williamson's claim of ineffective assistance of revocation counsel was res judicata under N.D.C.C. § 29-32.1-12, and he was prohibited from bringing a claim for ineffective assistance of postconviction counsel under N.D.C.C. § 29-32.1-09(2). Williamson appeals, and along with his counsel's briefing, he filed a supplemental statement of an indigent party.

II

[¶7] Our state and federal constitutions guarantee criminal defendants the right to effective assistance of counsel. *See* U.S. Const. amend. VI; N.D. Const. art. I, § 12; *Damron v. State*, 2003 ND 102, ¶ 6, 663 N.W.2d 650. A probationer's right to counsel also is recognized under N.D.R.Crim.P. 32(f)(3)(A)(iii). *State v. Jensen*, 2010 ND 3, ¶ 8, 777 N.W.2d 847; *see also State v. Holbach*, 2007 ND 114, ¶

6, 735 N.W.2d 862 (rejecting the assumption that probationers have a constitutional right to counsel); *State v. Wardner*, 2006 ND 256, ¶ 18, 725 N.W.2d 215 (stating "a probationer facing revocation has limited rights").

[¶8] A person convicted of and sentenced for a crime, or whose probation has been revoked, may apply for postconviction relief under the Uniform Postconviction Procedure Act. N.D.C.C. § 29-32.1-01. "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure to the extent the rules do not conflict with the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1." *Samaniego v. State*, 2024 ND 187, ¶ 6, 12 N.W.3d 827. The applicant bears the burden of establishing grounds for relief. *Id.* The standard for reviewing a postconviction relief decision made after an evidentiary hearing is well established:

> "A trial court's findings of fact in post-conviction relief proceedings will not be disturbed unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding."

*Id.* (quoting *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521).

A

[¶9] Williamson argues the district court erred when it decided his claim alleging ineffective assistance by his revocation counsel was res judicata. Williamson points to his prior applications and statements by counsel, which indicate he has not advanced a claim for ineffective assistance of counsel prior to this case. The State appears to admit Williamson has not formally advanced such a claim, although the State contends he "offered testimony regarding revocation counsel's performance and the district court did consider it in the first postconviction proceedings."

[¶10] Under N.D.C.C. § 29-32.1-12(1), "An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally

determined in a previous proceeding." Res judicata is an affirmative defense that must be pleaded by the State. N.D.C.C. § 29-32.1-12(3). When properly pleaded, the State bears the burden of proof. *Id.* "'Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal.'" *Froistad v. State*, 2021 ND 92, ¶ 5, 959 N.W.2d 863 (quoting *State v. Atkins*, 2019 ND 145, ¶ 12, 928 N.W.2d 441).

[¶11] We decline to address the State's assertion that res judicata was appropriate because Williamson's claim was sufficiently advanced and addressed in previous proceedings. The State did not plead res judicata in its answer. An affirmative defense is waived if it is not pleaded. *Chase v. State*, 2024 ND 215, ¶ 17, 14 N.W.3d 37; *Aune v. State*, 2024 ND 99, ¶ 6, 6 N.W.3d 833. A waived defense is not grounds for dismissal of an application for postconviction relief. *Johnson v. State*, 2010 ND 213, ¶ 10, 790 N.W.2d 741; *cf. Atkins v. State*, 2021 ND 83, ¶ 17, 959 N.W.2d 588 (affirming dismissal issued on res judicata grounds but deciding the court should have referred to a statute authorizing summary dismissal "rather than the affirmative defense statute"). The court erred when it dismissed Williamson's claim based on a defense the State waived.

[¶12] The district court nonetheless correctly dismissed the claim because it constitutes a misuse of process, which is an affirmative defense the State did raise. Process is misused when an applicant "[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding[.]" N.D.C.C. § 29-32.1-12(2)(a). "'Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding.'" *Froistad*, 2021 ND 92, ¶ 7 (quoting *Atkins*, 2019 ND 145, ¶ 12).

[¶13] When the State has pleaded the defense of misuse of process, and a misuse of process has occurred, we will affirm dismissal of an application for postconviction relief even if dismissal was ordered on other erroneous grounds. For example, in *Steen v. State*, 2007 ND 123, ¶ 9, 736 N.W.2d 457, the State raised

4

both res judicata and misuse of process as affirmative defenses to a postconviction relief application. The district court decided the application was barred by the defense of res judicata. *Id.* ¶ 10. On appeal, this Court identified claims that had not been adjudicated, *id.* ¶ 16, and explained the district court's application of res judicata was "overly broad." *Id.* ¶ 23. However, the Court explained the unadjudicated claims "are appropriately denied on grounds of misuse of process," and the Court affirmed dismissal of the application. *Id.; see also Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724 (stating a correct decision will not be set aside because of incorrect reasoning). Like in *Steen*, Williamson could have claimed his revocation counsel was ineffective in his first application, but he failed to do so. Although the district court erroneously applied res judicata, it correctly dismissed Williamson's claim because the claim constitutes a misuse of process.

B

[¶14] Williamson argues the district court erred when it dismissed his claim for ineffective assistance of postconviction counsel.

[¶15] There is no constitutional right to counsel in postconviction proceedings. *Mwinyi v. State*, 2024 ND 126, ¶ 14, 9 N.W.3d 665 (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Prior to 2013, applicants were statutorily entitled to claim postconviction relief on grounds of ineffective assistance of postconviction counsel. *See Klose v. State*, 2008 ND 143, ¶ 13, 752 N.W.2d 192 ("This Court has recognized a petitioner may claim ineffective assistance of post-conviction counsel."). However, in 2013 the legislature eliminated those grounds by adding the following language to N.D.C.C. § 29-32.1-09:

> "The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter."

2013 N.D. Sess. Laws ch. 248, § 2. We have interpreted N.D.C.C. § 29-32.1-09 to mean applications claiming ineffective assistance of postconviction counsel are subject to summary dismissal. *See Mwinyi*, ¶ 14.

[¶16] Williamson argues he is entitled to raise a claim for ineffective assistance of postconviction counsel because of the nature of his revocation counsel's alleged defective representation. Specifically, he claims counsel failed to appeal the denial of his first application for postconviction relief. In his words, "The failure of post-conviction relief counsel to recognize a presumptively prejudicial ineffective assistance of counsel claim creates by its very nature a procedural defect in their representation." Williamson asserts the United States Supreme Court recognized an exception based on this type of "procedural defect" in *Martinez v. Ryan*, 566 U.S. 1 (2012). There, the Supreme Court decided a procedural default will not bar federal courts from hearing habeas claims based on ineffective postconviction counsel if there was no counsel or ineffective counsel at the initial state collateral proceeding. *Id.* at 14. Williamson asserts the "logic and reasoning" employed in *Martinez* "is just as sound for the State of North Dakota."

[¶17] This Court and many others have recognized *Martinez* does not govern application of state law relating to postconviction proceedings. *See Lehman v. State*, 2014 ND 103, ¶ 21, 847 N.W.2d 119; *see also Brown v. McDaniel*, 331 P.3d 867, 872 (Nev. 2014) (collecting cases from various jurisdictions). The decision in *Martinez* concerned federal habeas procedures. We explained in *Lehman,* ¶ 21:

> "[T]he holding in *Martinez* is concerned with removing procedural impediments that may hinder state prisoners from filing habeas corpus petitions in federal court. The instant case does not deal with a prisoner trying to file a habeas petition in federal court. The facts of this case only implicate North Dakota law."

Absent a constitutional right to effective postconviction counsel, statutory law controls. *See* N.D.C.C. § 1-01-03 (expression of law); *State ex rel. Johnson v. Baker*, 21 N.W.2d 355, 359 (N.D. 1945) ("[H]e who would challenge a legislative enactment must be able to specify the particular constitutional provision that deprived the legislature of the power to pass the enactment.") (quoting *Martin v. Tyler*, 60 N.W. 392, 395 (N.D. 1894)).

[¶18] Williamson argues the legislature "has left open the idea" that a postconviction ineffective assistance claim "*may* have merit" under these

circumstances. (Emphasis in original.) He reads N.D.C.C. § 29-32.1-09(2) to give district courts discretion to dismiss a claim of ineffective postconviction counsel. His argument rests primarily on the first sentence of the law, which states: "The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel." He asserts the term "may" in the first sentence means the law does not preclude his claim. In his words, "the legislature would not give a district court discretion whether to dismiss a claim that the legislature also states is outright banned."

[¶19] Williamson's reading is not persuasive. The first sentence of N.D.C.C. § 29-32.1-09(2) authorizes, but does not require, the court to dismiss ineffective assistance of postconviction counsel claims on the court's "own motion." The plain language of the second sentence prohibits such claims without exception, stating: "An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter." Thus, under the statute, ineffective assistance of postconviction counsel claims are prohibited, and the court is not required to wait for the State to file a motion before dismissing such claims. Williamson's assertion that the law allows these claims in the limited circumstances of his case is not persuasive. The district court did not err when it dismissed Williamson's ineffective assistance of postconviction counsel claim.

III

[¶20] Williamson asserts in a supplemental statement that his right to self-representation was violated. *See* N.D.R.App.P. 24(a)(1) (allowing indigent defendants and postconviction applicants to file statements "to identify and discuss matters that the indigent defendant or applicant believes were not adequately addressed in the brief filed by counsel"). Williamson's supplemental statement does not provide a citation to the record indicating this issue was preserved for review in this postconviction proceeding. *See* N.D.R.App.P. 24(a)(3) (providing for identification of errors and requiring references to the record); *see also Edwardson v. State*, 2019 ND 297, ¶ 12, 936 N.W.2d 376 (stating issues raised for the first time on appeal in a postconviction proceeding will not be addressed). We therefore decline to address Williamson's argument.

IV

[¶21] The district court erred when it applied res judicata to Williamson's ineffective assistance of revocation counsel claim because the State waived that affirmative defense by failing to plead it. However, Williamson's claim is barred by the affirmative defense of misuse of process, which the State pleaded. Williamson's claim of ineffective assistance of postconviction relief counsel is barred by N.D.C.C. § 29-32.1-09(2). The order denying Williamson's second application for postconviction relief is affirmed.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr